RUSSELL CARBONE
146 BEACH 9TH STREET 3C
FAR ROCKAWAY, NEW YORK 11691
Tel. 347-209-0679
russellcarbone@gmail.com

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 31 2020 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------X

RUSSELL CARBONE,

        Plaintiff,

-against-

UNITED STATES OF AMERICA;
INTERNAL REVENUE SERVICE

        Defendants.

-----------------------------------------------------X

CV-20 3460

CIVIL ACTION No.

**COMPLAINT**

Related Case : EDNY18-CV-3509

(J. AZRACK) (KT)

AZRACK, J.

TOMLINSON, M.J.

*Suit to Quiet Title Remove Federal Tax Lien&*

*Specific performance of Offer in Compromise*

Premises: 250 Erie Road
West Hempstead, N.Y.
Nassau County

## JURISDICTION

1. This is a lawsuit to remove a federal tax lien filed against 250 Erie Road, West Hempstead New York and quiet title thereto such that a certain judicially sanctioned settlement may be effectuated.

2. Jurisdiction is conferred in this matter pursuant to 28 USC 1346 United States as Defendant:

1

3. .Additionally, jurisdiction is authorized by 28 USC 2410 Actions affecting property on which United States has lien

(a) Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter—

(1) to quiet title to...

4. The jurisdictional requirements per 28 USC 2410(b) are stated as follows:
Name and address of taxpayer who created the lien:
Elise Martin (former owner) Address- 250 Erie Road, West Hempstead New York;
Tax Lien:
Filed by Internal Revenue Service-Manhattan District
Filed in Nassau County New York, Clerk's Office
Recorded Date- 11-10-2011
See "Exhibit A." attached.

5. Quiet title action is so too authorized by New York State Real Property Actions and Proceedings Law 1501, 1515, infra..

## PARTIES

6. Plaintiff Russell Carbone, the current owner of 250 Erie Road is a domiciled in the State of New York, within the geographic confines of the Eastern District of New York.

7. Defendant(s) the United States of America by, through and together with Internal Revenue Service, have nationwide presence.

## VENUE

9. **28 USC 1391, VENUE IN GENERAL.**—A civil action may be brought in—
(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;

The Defendant(s) with nationwide presence are deemed in New York State, (also 28 1391(e) (1) confers jurisdiction vis a vis the IRS) ;

The subject premises, 250 Erie Road, West Hempstead, New York, is situate in Nassau County New York, within the Eastern District of New York,

## INTRODUCTION

10. The instant litigation to quiet title by removing a certain federal tax lien is intricately interwoven with action 18 cv 3509 styled Russell Carbone v Elise Martin. According to the stipulation of settlement, Plaintiff, (in both matters), Russell Carbone is to convey title to Defendant's Martin's sister Lavinna Hurdle for a sum certain as and for full settlement of the lawsuit. See "Exhibit B," attached, stipulation of settlement of 18-cv-3509.

11. The facts in connection with the 18-cv-3509 lawsuit succinctly stated are as follows: On or about 2011, Defendant Martin, former owner of the premises had been sued in a certain foreclosure action under Supreme Court of New York Nassau County index #000650/2006,to wit., *US Bank v Martin*- an action in foreclosure for non-payment of principal interests and other costs associated with the property.

## FEDERAL TAX LIEN FILED AFTER CARBONE TOOK TITLE

12. Unable to afford to defend such an action and residing out of state, Defendant Martin conveyed title to 250 Erie Road to Plaintiff Russell Carbone for valuable consideration. Critically, on November 9, 2011, the date of the conveyance and recordation in Nassau County, ***Plaintiff Carbone had not been noticed in any manner regarding the federal tax lien.*** Carbone was not

served a copy of the lien or any documentation whatsoever, even though he had become the owner of record. Only upon a certain title search in anticipation of a sale of said premises, conducted in 2018, did the lien *show against Martin, who no longer owned the property.*

13. *Critically* the federal tax lien *had been filed one day after the deed was recorded* in favor of plaintiff. See exhibit "C."

## MARTIN CONVEYED 250 ERIE ROAD TO PLAINTIFF CARBONE FOR VALUABLE CONSIDERATION AT A TIME WHEN NO TAX LIEN HAD EVER BEEN FILED

14. Accordingly, Martin conveyed title to plaintiff on for valuable consideration on November 9, 2011, and such deed was recorded the same day in the Nassau County Land Records on November 9, 2011. See exhibit "C." attached.

## THE FEDERAL TAX LIEN IS SUBJECT OF THIS LITIGATION

15. One day after said deed was filed, to wit. November 10, 2011 Defendant United States of America, by way of the Internal revenue Service file a federal tax lien in the amount of $18,429 ; see "exhibit C" attached. Said tax lien was filed against Elise Martin, who, however, *no longer had any ownership interest* in 250 Erie Road West Hempstead New York, having conveyed her interest to Carbone.

*Successful Foreclosure Defense*

16. Thereafter, pursuant to agreement with Martin, Carbone retained Attorney Anthony Lopresti of Garden City New York, who successfully defended the

4

foreclosure action (see Appellate Division Opinion attached as "D"), resulting in the expungement of US Bank's outstanding mortgage and *lis pendens*.

## IRS AGREED TO AN OFFER IN COMPROMISE TO RESOLVE THE LIEN

17. Plaintiff and counsel for Hurdle were and are most desirous of resolving the matter with the IRS such that a Release of Lien would be issued.

18. In an effort to resolve this matter, a retained tax accountant, Patrick Knight, successfully negotiated an Offer in Compromise(OIC) with the IRS on behalf of Martin. See attached exhibit "E."

19. All conditions were met to effectuate the settlement articulated stipulation on the record before then EDNY Magistrate, now District Court Judge, Gary Brown, see "E" attached, *but for the federal tax lien above-cited*. Said lien, per the title company, *had to be satisfied of record* in order for insurable, marketable title to pass from Carbone to Martin's sister Lavinna Hurdle.

20. It is **fundamentally unfair** for the IRS to withhold the release when all conditions had been satisfied. It is also unfair for the IRS to be non-responsive.

21. Ergo, Plaintiff, an intended beneficiary of the OIC, moves herein for specific performance of that agreement-removal of the federal tax lien.

## ALL CONDITIONS ARE SATISFIED TO RELEASE THE IRS LIEN, BUT IRS DOES NOT RESPOND NECESSITATING JUDICIAL INTERVENTION BY THIS LAWSUIT

22. Martin, who was virtually insolvent, agreed to pay 5 (five) $100 installments in exchange and to pay current taxes in exchange for the tax lien release. All conditions were satisfied by Martin. In fact, said monies were tendered by plaintiff. See Attached "Exhibit E."

5

23. Nevertheless, the IRS has become non -responsive and *incommunicado*, regarding the release of the lien. Phone calls, faxes and E-mails are simply passed over, given the run around, or just ignored. Plaintiff requests judgment releasing, vacating and expunging the federal tax lien

**PLAINTIFF REQUESTS JUDGMENT BY THIS COURT RELEASING, VACATING, AND EXPUNGING THE FEDERAL TAX LIEN IN ORDER TO SATISFY THE COURT ORDERED STIPULATION**

24. Plaintiff is ready, willing, and able to so convey title to Hurdle, per the stipulation, but for the impediment of the Federal Tax Lien. According to Ms. Manas, attorney for Elise Martin and Lavinna Hurdle, financing has been in place, and all other conditions met but for the Release of the Federal Tax Lien, by the IRS. Despite arduous and multiple attempts, the IRS remains non-responsive.

25. The federal Tax Lien itself is tardy and improper as it the was filed after Martin conveyed title to plaintiff, thus its efficacy is nugatory.

26. The removal of the tax lien is imperative for the impending sale from plaintiff to Hurdle, as stipulated & so ordered by the court.

**COUNT ONE: QUIET TITLE**

27. Plaintiff repeats and reiterates and incorporates by reference all the allegations in paragraphs one through twenty five (1-25), and complains that plaintiff as an aggrieved party hereby claims an estate in the subject premises and furthermore compels the determination of the adverse claim of Defendants, to wit, the federal tax lien, regarding said subject premises as follows:

6

28. Plaintiff has and continues to have a possessory interest in subject premises described with particularity as 250 Erie Road, West Hempstead, New York, County of Nassau; see attached exhibit C, with legal description, also known as Lakeview, Town of Hempstead, Section 35, Lot 54, Block 597.

29. Thus, plaintiff is a proper party pursuant to New York's RPAPL 1501, 1515, and 28 USC 2410 et seq. *seeking to quiet title* and to remove the federal tax lien subject federal tax Quiet Title against the Defendant(s) United States and Internal Revenue Service in that Defendants have and have not had cognizable interest in the parcel after the transfer of title to plaintiff.

30. Plaintiff interposes the following RPAPL Article 15 statutory recitation:

31. Defendant claims or might claim an estate or in the subject real estate *adverse to that of plaintiffs*- the federal tax lien on 250 Erie Road West Hempstead NY

32. All defendants are known and upon information & belief there are no unknown defendants.

33. No defendant is or might be an infant, mentally retarded, mentally ill or an alcohol user.

34. A judgment in this matter will not affect a person or persons not in being or ascertained at the commencement of the action, who by any contingency contained in a devise or grant or otherwise, could afterward become entitled to a beneficial interest or estate in the property involved.

35. Plaintiff demands judgment that the Defendant and anyone claiming under them is barred forever from any interest in the estate and that the Federal Tax Lien in favor of Defendant be hereby released vacated expunged and extinguished forever.

## COUNT TWO: SPECIFIC PERFORMANCE OF OFFER IN COMPROMISE TO REMOVE FEDERAL TAX LIEN

36. Plaintiff, as intended beneficiary of the offer in compromise, repeats and reiterates and incorporates by reference all the allegations in paragraphs one through thirty two (1-32), and seeks specific performance of the Offer in Compromise agreement and removal of the federal tax lien.

37. Defendant's malfeasance and or misfeasance in not honoring saidagreement, and removing the federal tax lien, although all conditions of the offer in compromise have been satisfied that plaintiff as an aggrieved party

38. Plaintiff can be deemed a 3rd party beneficiary of the contract for Offer in Compromise since it was effectuated for the purpose of effectuating the sale of 250 Erie Road per the stipulation of settlement before Magistrate Brown.

39. Ergo specific performance of the Offer in Compromise, to wit, release of the federal tax lien should be Ordered and a Judgment issued of record.

**WHEREFORE** Plaintiff moves this court for the following relief:

A. A Judgment and Order in Quiet Title or alternate basis releasing, expunging, and vacating the federal tax lien encumbering 250 Erie Road West Hempstead, New York and forever barring defendant's claim/lien.

B. A Judgment and or Order granting specific performance of the agreed to Offer in Compromise and compelling a Release of Lien by Defendant, or alternatively an Order of this Court releasing, expunging, and vacating the

alternatively an Order of this Court releasing, expunging, and vacating the federal tax lien encumbering 250 Erie Road West Hempstead, New York and forever barring defendant's claim/lien.

**C.** Together with interest and costs.

Yours etc,<br>Plaintiff, Russell Carbone

Dated:
 Far Rockaway, New York
July 29, 2020

To: United States Attorney, Eastern District of New York, 610 Federal Plaza, Central Islip, NY-11722-Tax Division

   Internal Revenue Service 1111 Constitution Avenue, NW
   Washington, DC 20224

PRESS FIRMLY TO SEAL

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.



U.S. POSTAGE PAID
PME 1-Day
LAWRENCE, NY
11559
JUL 30, 20
AMOUNT
**$27.15**
R2305K135364-07

1007   11722



RECEIVED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 31 2020 ★
LONG ISLAND OFFICE

# UNITED STATES POSTAL SERVICE® | PRIORITY MAIL EXPRESS®

EJ 347 062 519 US

**CUSTOMER USE ONLY**

FROM: (PLEASE PRINT)  PHONE ( )
Russell Carbone
146 Beach 9th Street
Far Rockaway, NY 11691

**DELIVERY OPTIONS (Customer Use Only)**
☐ SIGNATURE REQUIRED
Delivery Options
☐ No Saturday Delivery
☐ Sunday/Holiday Delivery Required
☐ 10:30 AM Delivery Required

TO: (PLEASE PRINT)  PHONE ( )
US District Court
Eastern District of NY
Alfonse D'amato Federal Courthouse
100 Federal Plaza Central Islip, NY
11722-4449 "Pro se filings"

ZIP + 4® (U.S. ADDRESSES ONLY)
1 1 7 2 2 - 4 4 4 9

- For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
- $100.00 insurance included.

← **PEEL FROM THIS CORNER**

**PAYMENT BY ACCOUNT (if applicable)**
USPS® Corporate Acct. No. | Federal Agency Acct. No. or Postal Service™ Acct. No.

**ORIGIN (POSTAL SERVICE USE ONLY)**

| ☒ 1-Day | ☐ 2-Day | ☐ Military | ☐ DPO |
|---|---|---|---|
| PO ZIP Code: 11559 | Scheduled Delivery Date: 7/31/20 | Postage: $27.15 | |
| Date Accepted: 7/30/20 | Scheduled Delivery Time: ☒ NOON | Insurance Fee | COD Fee |
| Time Accepted: 2:46 PM | 10:30 AM Delivery Fee | Return Receipt Fee | Live Animal Transportation Fee |
| Special Handling/Fragile | Sunday/Holiday Premium Fee | Total Postage & Fees | |
| Weight: 1 lbs. 10 ozs. ☐ Flat Rate | Acceptance Employee Initials | $27.15 | |

**DELIVERY (POSTAL SERVICE USE ONLY)**
Delivery Attempt / Time / Employee Signature
Delivery Attempt / Time / Employee Signature

LABEL 11-B, MARCH 2019   PSN 7690-02-000-9996

7  ②

stamp: RECEIVED IN CLERK'S OFFICE U.S. DISTRICT COURT E.D.N.Y. JUL 31 2020 LONG ISLAND OFFICE

* Money Back Guarantee to U.S., select APO/FPO/DPO, and select International destinations. See DMM and IMM at pe.usps.com for complete details.
† Money Back Guarantee for U.S. destinations only.

TYVEK® IS RECYCLABLE.
©2003. DUPONT® AND TYVEK® ARE TRADEMARKS OF DUPONT.

PRESS FIRMLY TO SEAL



EP13C July 2013
OD: 11.625 x 15.125

PS10000000005

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE

